IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MICHAEL P. NICHOLLS,<br><br>    Plaintiff,<br><br>vs.<br><br>WHITE PASS & YUKON U.S., INC.,<br>PACIFIC AND ARCTIC RAILWAY<br>AND NAVIGATION COMPANY d/b/a<br>WHITE PASS & YUKON ROUTE,<br>AND WHITE PASS ENTERPRISES<br>LLC,<br><br>    Defendants. | Case No. 1:18-cv-00001 HRH<br><br>**COMPLAINT FOR PERSONAL INJURY** |

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

## I.    <u>JURISDICTION</u>

1. This is a claim for personal injuries sustained by a passenger on the White Pass & Yukon Route Railway on May 30, 2017 near Skagway, Alaska. As outlined further below, Plaintiff is a citizen of the United Kingdom and Defendants are resident corporate entities of the United States. Damages are claimed herein in excess of $75,000, the jurisdictional minimum limits of this court. Jurisdiction is therefore proper before this Court pursuant to 28 U.S.C. § 1332(a)(2) (alienage jurisdiction). Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants reside in the District of Alaska for venue purposes and the events at issue occurred within the District of Alaska, with the nearest proximity to the U.S. District Court for the District of Alaska at Juneau. The U.S. District

Court for the District of Alaska has diversity and subject matter jurisdiction over the parties.

## II. THE PARTIES

2. At all times relevant, Plaintiff Michael Nicholls (hereinafter NICHOLLS) was a British citizen. He was and remains a resident of Birmingham, United Kingdom of Great Britain and Northern Ireland. He was a passenger on the White Pass and Yukon Route Railway on May 30, 2017.

3. At all times relevant, Defendant White Pass & Yukon U.S. Inc. (collectively hereinafter "WPYR") was and remains an Alaska domestic corporation doing business in Skagway, Alaska, within the judicial district, and with a registered agent located in Anchorage, Alaska.

4. At all times relevant, Defendant Pacific and Arctic Railway and Navigation Company (collectively hereinafter "WPYR") was and remains an Alaska domestic corporation doing business as White Pass & Yukon Route in Skagway, Alaska, within the judicial district, and with a registered agent located in Anchorage, Alaska.

5. At all times relevant, Defendant White Pass Enterprises LLC (collectively hereinafter "WPYR") was and remains an Alaska limited liability company wholly owned by White Pass & Yukon U.S. Inc., doing business in Skagway, Alaska and with a registered agent located in Anchorage, Alaska.

## III. FACTUAL BACKGROUND

6. On or about May 30, 2017, NICHOLLS was a passenger on the cruise ship M/V Neuw Amsterdam on the Inside Passage in Southeast Alaska when it arrived in Skagway, Alaska.

7. NICHOLLS and his wife purchased tickets for an excursion on the White Pass and Yukon Route Railway, a narrow gauge rail line that operates between Skagway and points in the Yukon Territory of Canada. The railroad is operated by Defendants WPYR.

8. WPYR advertises its railway excursions to the general public and markets such excursions to tourists, offering rail passage to members of the public and directs marketing attention to cruise ship passengers. WPYR offers a choice of excursions. NICHOLLS and his wife selected a railway excursion from among the available options.

9. NICHOLLS boarded the WPYR train consisting of about 20 railcars at Skagway, Alaska.

10. On information and belief, WPYR railcars are open at each end and have a vestibule at the ends of the cars. The vestibules are open for the use of passengers to view the scenery, take photographs, and to transit between cars.

11. Approximately ten miles from Skagway, NICHOLLS was standing in the vestibule at the end of car, speaking with the conductor and a brakeman when the train

suddenly lurched and propelled him backward out of the vestibule, which was secured with a chain.

12. The chain broke when NICHOLLS, propelled by the sudden and unexpected movement of the train, fell into it and out of the railcar. NICHOLLS was forcefully ejected from the train and fell approximately 6-10 feet to the ground, rolling through bushes.

13. NICHOLLS suffered a back injury and deep lacerations on his back and his left leg, chipped vertebra, and multiple contusions as a result of breaking through the chain and being thrown forcefully to the ground from a moving rail car.

14. NICHOLLS was treated on the train by the ship's doctor, and was returned to Skagway to be taken to the local clinic. He was assessed at the Skagway medical clinic and his treating providers determined that he required medical evacuation to Bartlett Regional Hospital in Juneau, Alaska.

15. In Juneau, his injuries were assessed and it was determined he required surgery. He was taken into surgery shortly after midnight for his injuries.

16. After his surgery, he suffered complications including infection, and required a protracted recovery.

17. NICHOLLS was forced to remain in the hospital for the remainder of his holiday, and for an extended period of time was confined to Juneau in either Bartlett Regional Hospital or in outpatient hospital care.

18. NICHOLLS returned to his home in the UK to continue his recovery, and continued to suffer complications, including infection, pain, difficulty with back pain, and reduced mobility due to his injuries.

19. As a direct and proximate result of the negligence of defendants, NICHOLLS suffered permanent personal injuries, scarring and disfigurement to his person, and continues to suffer from pain, emotional anguish, and physical limitations from the incident and the injuries resulting from it.

20. As a direct and proximate result of defendants' and/or their employees/agents' gross negligence, NICHOLLS has suffered permanent personal injuries, scarring and disfigurement to his person, and continues to suffer from pain, physical limitations, and emotional anguish from the incident and the injuries resulting from it.

## IV. CAUSES OF ACTION

21. Defendants' acts and omissions constitute negligence, in that Defendants (acting by their employees/agents) failed to exercise ordinary care, and the duty of ordinary care proximately caused personal injuries to NICHOLLS and the resulting legal damages to NICHOLLS and his family.

22. Defendants' agents or servants, as well as Defendants, by wrongful acts, neglect, omissions, carelessness, unskillfulness, or default, also caused injuries and the resulting legal damages to NICHOLLS and his family.

23. The White Pass and Yukon Route Railway (and collectively WPYR) is a common carrier. As a common carrier, Defendants, and each of them, owe a duty of utmost care and the vigilance of a very cautious person toward its passengers. A common carrier is responsible for any, even the slightest negligence, and is required to do all that human care, vigilance, and foresight reasonably can do under all the circumstances.

24. WPYR breached its duty toward its passenger NICHOLLS when it operated in an unsafe manner by suddenly changing its speed and/or motion, causing a lurch in the train that foreseeably resulted in the type of injury sustained by NICHOLLS.

25. WPYR breached its duty toward its passenger NICHOLLS when it failed to adequately secure its railcars in such a manner as to prevent passengers such as NICHOLLS from falling from the train.

26. WPYR breached its duty toward its passenger NICHOLLS when it failed to provide adequate safety equipment and safeguards to prevent passengers from falling out of the moving train.

27. Defendants' acts and omissions (acting by its employees/agents) constitute gross negligence, as defined under applicable Alaska law.

28. As a direct and proximate result and/or legal cause of Defendants' negligence, and each of them, NICHOLLS, as set forth above, has suffered permanent personal injuries, scarring and disfigurement to his person, and continues to suffer from

pain and emotional anguish from the incident and the injuries resulting from it. He continues to require medical care for his injuries.

29. As a direct and proximate result and/or legal cause of Defendants' gross negligence, and each of them, NICHOLLS, as set forth above, has suffered permanent personal injuries, scarring and disfigurement to his person, and continues to suffer from pain and emotional anguish from the incident and the injuries resulting from it. He continues to require medical care for his injuries.

**WHEREFORE**, PLAINTIFF NICHOLLS prays for the following relief:

1. For a judgment awarding him damages in excess of the minimum jurisdictional limits of the United States District Court, for pain, suffering, anguish, and other damages arising from his permanent and ongoing injuries sustained, scarring, and permanent disability and disfigurement resulting from his injuries, and for the need for ongoing medical care;

2. For a judgment awarding him damages for the cost and value of his vacation to Alaska, the value of which was destroyed by the injuries he sustained on Defendants' railroad as a result of Defendant's negligence;

3. For the cost, if any, of medical care provided to NICHOLLS, whether paid by him or subject to a subrogation claim by a third party payor;

4. For attorney's fees and all costs arising from this action; and

- 7 -

Complaint for Personal Injury
*Nicholls* v. *White Pass U.S. Inc. et al.*
Case No. 1:18-cv –00001 HRH

5. For any and all other relief, including punitive damages to the extent permitted by law, deemed appropriate by the court.

A trial by jury is demanded in this matter.

DATED: Sunday, February 11, 2018, at Anchorage, Alaska.

Respectfully Submitted,

*/s/ Heather Gardner*

_____
Heather Gardner # 0111079
645 G Street, Suite 100-754
Anchorage, AK 99501
T: (907) 375-8776
F: 1 (888) 526-6608
E: hgardnerlaw@gmail.com

- 8 -

Complaint for Personal Injury
*Nicholls* v. *White Pass U.S. Inc. et al.*
Case No. 1:18-cv –00001 HRH